## APONTE ET AL. v. RAMÍREZ ET AL.

### APPEAL from the District Court of Mayagüez.

No. 626.—Decided May 22, 1911.

ACTION OF EJECTMENT—SALE OF REAL PROPERTY—CONSUMMATION OF CONTRACT.—From the moment a contract of sale of rural property is perfected by the agreement of the parties and the possession of the property sold, said contract has legal effect between the parties, their heirs and successors in interest, the fact that no public or private instrument of such sale has been executed not affecting the validity of the contract.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

*Messrs. Alfredo Arnaldo* and *Juan Quintero* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

On March 7, 1892, Juan Bianchi Pagán conveyed the property, the object of this suit, to Doña María Saturnina Ramírez. The complainant and appellant, a married woman and a minor, is the daughter and testamentary heiress of the said Doña María Saturnina Ramírez. The defendant and respondent, Ramón Ramírez Rodríguez, is in possession of the land claiming the title thereto by virtue of a duly recorded deed from his father, José Monserrate Ramírez. The complainant attacks the possession and title of the defendant, Ramírez, and asks that the property be turned over to the minor complainant, and that the mortgage constituted in favor of the defendant firm, Díez & Pérez, by the defendant, Ramírez, be canceled.

The defendants admit that the property belonged to the mother of appellant in 1892, but they set up and proved that at the time of the death of such testatrix she was indebted to the extent of $3,600 and that she sold and delivered the land to her father, the said José Monserrate Ramírez, in order that he might pay the said debts. On January 26, 1899, the said José Monserrate Ramírez obtained a certificate of possession (*expediente posesorio*) from the Munici-

pal Court of Añasco. The next day he executed to his son the deed heretofore described.

The appellant maintains that her mother held the title and the title was never legally divested. She also sets forth an account of a family council of which her grandfather, José Monserrate Ramírez, and her uncle, Ramón Ramírez Rodríguez, were members, as if to suggest that this fact had something to do with depriving her of the title that belonged to her mother, but fraud or combination against the minor is not formally alleged or imputed, even supposing that such allegation would not be inconsistent with the sale, as heretofore set forth, made by Da. María Saturnina Ramírez before her death, to her father, José Monserrate Ramírez, for the purpose of paying her debts. It makes no difference that no public or private document evidences such sale, because as it was perfected by the consent of the parties and accompanied by possession of the land sold, it had every legal effect between them, and the complainant here is the heir of her mother and cannot impugn her deed.

Under these circumstances we think that all the essentials of a contract existed and all the requisites for a title as between the parties.

If the conveyance made by Da. María Saturnina Ramírez to her father, José Monserrate Ramírez, was valid, the latter, lacking a record title, had a right to record his possession in the registry of property, and with this record sell the same to his son, Ramón Ramírez Rodríguez, and the latter in his turn could mortgage it to the firm of Díez & Pérez.

We find no error in the judgment rendered by the District Court of Mayagüez on August 15 last, dismissing the complaint with costs against the plaintiff, and the same must be affirmed.          *Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.